

Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

December 19, 2022

<u>BY ECF</u>

Hon. Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED.**

*SS&C Technologies Holdings, Inc. and Advent Software Inc. v. Arcesium LLC*,
No. 1:22-cv-02009-TMR-OTW

Dear Judge Wang:

We represent Defendant/Counterclaim-Plaintiff Arcesium LLC ("Arcesium") in the above-captioned matter. We respectfully submit this letter motion jointly with Plaintiffs SS&C Technologies Holdings, Inc. and Advent Software Inc. (together, "SS&C") to seal Arcesium's Reply Memorandum of Law in Support of Defendant/Counterclaim-Plaintiff Arcesium LLC's Motion to Compel (the "Reply").

SS&C commenced this action on March 10, 2022, alleging, among other things, claims for misappropriation of trade secrets. ECF No. 1. In the parties' November 18, 2022 joint status letter, Arcesium requested that the Court permit briefing on the issue of whether SS&C should be required to identify its alleged trade secrets with additional specificity. ECF. No. 105 at 12. On November 30, 2022, the Court granted Arcesium's request for briefing and adopted the parties' agreed-upon briefing schedule. ECF No. 107. On December 2, 2022, Arcesium filed its Memorandum of Law in Support of its Motion to Compel and certain Exhibits under seal, ECF Nos. 111-12, and on December 12, 2022, SS&C filed its Memorandum of Law in Opposition to Arcesium's Motion to Compel under seal, ECF No. 115.

Arcesium's Reply contains a detailed discussion of documents produced by SS&C that purport to reflect and describe SS&C's alleged trade secrets. In addition, certain of the sealed Exhibits referenced in the Reply are documents produced by SS&C that purport to reflect and describe SS&C's alleged trade secrets. SS&C has designated the referenced documents with the highest level of confidentiality under the operative protective order (ECF No. 29), which requires Arcesium to file its Reply under seal due to the inclusion of information alleged by SS&C to be trade secrets and designated by SS&C as highly confidential.

Although Arcesium does not concede that the information in the cited documents in fact reflects trade secrets, Arcesium agrees that at this stage of the proceedings it is appropriate to provide the highest level of confidentiality protection to the cited documents and to file them under seal. Trade secret information is generally regarded as the "type of information [that] overcomes the

Hon. Ona T. Wang  2  December 19, 2022

presumption of public disclosure." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 166 (S.D.N.Y. 2015); *see also Fitzpatrick v. Am. Int'l Grp., Inc.*, No. 10-142, 2012 WL 5838194, at *1 (S.D.N.Y. Oct. 26, 2012) (granting motion for leave to make redactions to remove "pricing information"). While a presumption of public access generally applies to judicial documents, the weight of the presumption is "governed by the role of the material at issue" and the resulting value of such information to the public. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Courts must also balance against the weight of the presumption any countervailing factors such as "the privacy interests of those resisting disclosure" including "the degree to which the subject matter is traditionally considered private rather than public," *id.* at 120, and the "nature and degree of injury" resulting from disclosure, *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Privacy interests are strong where – as here – allowing public access to a document would reveal alleged trade secrets. *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016) (citing *United States v. Amodeo*, 44 F.3d at 147 (contrasting the parties' weak privacy interests to "a case in which disclosure would reveal the details of an ongoing investigation, pose a risk to witnesses, endanger national security, or *reveal trade secrets*." (emphasis added))).

Accordingly, the parties respectfully submit this request to file the Reply under seal.

Respectfully submitted,

/s/  James J. Pastore

James J. Pastore

cc: All Counsel of Record (via ECF)

---

For the reasons stated in this motion, the parties' joint application to seal Defendant's Reply in support of its Motion to Compel is **GRANTED**. The Clerk of Court is respectfully directed to close ECF 118.

**SO ORDERED.**

_____
Ona T. Wang          12/20/22
U.S.M.J.