**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
SS&C TECHNOLOGIES HOLDINGS, INC., et al.,  :
:
            Plaintiffs,  :         22-CV-2009 (TMR) (OTW)
:
            -against-  :         **ORDER**
:
ARCESIUM LLC,  :
:
            Defendant.  :
:
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

The Court has reviewed ECF Nos. 175, 177, 178, 180, 182, and 183. The disputed document, SSC_ARCESIUM00681413 (the "Document"), contains notes of a meeting with outside counsel Wilson Sonsini Goodrich & Rosati regarding regulatory issues, as clearly suggested by the metadata. (*See* ECF Nos. 177 and 180). After an *in camera* review of the document, the Court finds that this document is **protected under the attorney-client privilege in its entirety**. *See, e.g.*, *Astra Aktiebolag v. Andrx Pharms., Inc.*, 208 F.R.D. 92 (S.D.N.Y. 2002) (sustaining privilege claim over communications between company employees, including in-house lawyers, and external counsel).

It appears that Plaintiffs "clawed back" under the parties' Protective Order at least one tranche of documents in which this document was not identified. (*See* ECF 178). While it is regrettable that Plaintiffs' counsel did not notice the privileged nature of the document (notwithstanding, for example, the acronym "WSGR" appearing in the title of the document), and again missed the document in their initial notice of inadvertent disclosure, neither has Defendant advanced any waiver arguments. *See also* The Sedona Conference, *Commentary on*

*the Effective Use of Federal Rule of Evidence 502(d) Orders*, 23 SEDONA CONF. J. 1, 52 (2022) ("[C]ounsel should recognize that these [clawback] provisions can be a double-edged sword, since each party may need to claw back documents subject to these provisions."). Defendant is directed to return this document, and to adhere to Section 10.2 of the Protective Order. To the extent Defendant seeks to use certain words from this document to refresh the recollection of Plaintiffs' witness at the 30(b)(6) deposition scheduled for August 10, 2023, the Court refuses to issue an advisory opinion or suggest any deposition questions or answers for the attorneys, and reminds Defendant that it may not rely on privileged documents.

The Court further notes that pages 32-33 and 41-42 of the partially sealed transcript of the July 18, 2023 status conference (*see* ECF 171) bear redactions and directs the parties to file under seal a fully unredacted transcript of the July 18 conference.

**SO ORDERED.**

Dated: August 2, 2023
New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge