**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
SS&C TECHNOLOGIES HOLDINGS, INC., et al.,　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiffs,　　　　　　　　　　　:　　22-CV-2009 (TMR) (OTW)
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　-against-　　　　　　　　　　　:　　**ORDER**
　　　　　　　　　　　　　　　　　　　　　　　:
ARCESIUM LLC,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　:
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge:**

The Court has reviewed ECF 176-5, the color-coded markup of Defendant's 30(b)(6) notice to Plaintiffs, which I directed the parties to mark up, and the parties' briefing at ECF Nos. 174, 176, 179, 184, and 185, and rules as follows:

1. **Defendant shall proceed with its scheduled August 10, 2023, initial 30(b)(6) deposition on a narrowed set of topics (*see* Ruling #2, below), without prejudice to a later, follow-up 30(b)(6) deposition**. The reason for this staging is due to the disputes regarding the language and scope of topics in ECF 176-5, which made for colorful – but challenging – reading. The Court is hopeful that after an initial deposition and the guidance herein, the parties may be able to proceed with more directed depositions after its initial 30(b)(6) deposition. The Court further notes that as discovery progresses, the parties' information and understanding of various issues may evolve (*see, e.g.*, the reference in ECF 181 to the "sandbox tutorial" on July 27, 2023), and the parties should not remain stubbornly wedded to their preferred wording of deposition notice topics.

2. **The topics for the initial 30(b)(6) deposition shall cover: (i) the general scope and value of the alleged trade secrets and confidential information, and Geneva's development, (ii) Defendant's access or lack of access to Plaintiffs' source code, (iii) contracts and confidentiality provisions with Plaintiffs' customers, and (iv) the extent to which portions or aspects of the alleged trade secrets and confidential information may be publicly available**. The language here is intentionally broad and is intended to cover all of the "green" coded topics and subtopics in ECF 176-5. If the parties believe that these listed topics also cover at least some portion of the "yellow" topics, or can reach agreement to include some portion of the "yellow" topics in the initial deposition, they should do so. The same instruction goes for the "orange" and even "red" topics: if the parties' disputes on certain "orange" and "red" topics is the result of overly limited or overly expansive language and modifiers, they should seek common ground first.

3. **Topic 7: If the above ruling (#2) does not resolve the dispute concerning Topic 7, Defendant shall identify with specificity the "limited universe" of "certain public records" it references in ECF 185 at 1 to enable Plaintiffs' 30(b)(6) witness to review them in advance of the deposition. Such documents must be identified by 12:00 p.m. on Friday, August 4, 2023**. This direction to identify documents is specifically limited to the dispute concerning Topic 7 and shall not be construed as a general direction to identify all documents on which Defendant intends to question the 30(b)(6) witness(es).

**SO ORDERED.**

Dated: August 2, 2023
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge