**Debevoise & Plimpton**

Debevoise & Plimpton LLP
66 Hudson Boulevard
New York, NY 10001
+1 212 909 6000

**MEMO ENDORSED.**

July 26, 2023

**BY ECF**

Hon. Ona T. Wang
United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007

Re: *SS&C Technologies Holdings, Inc. and Advent Software Inc. v. Arcesium LLC*,
No. 1:22-cv-02009-TMR-OTW

Dear Judge Wang:

We represent Defendant/Counterclaim-Plaintiff Arcesium LLC ("Arcesium") in the above-captioned matter. Together with Plaintiffs/Counterclaim-Defendants SS&C Technologies Holdings, Inc. and Advent Software Inc. (collectively, "SS&C"), the parties respectfully submit this request to file the parties' supplemental letter briefs and related attachments relating to the disputes regarding privilege ("Privilege Letters") and Rule 30(b)(6) topics ("Rule 30(b)(6) Letters") under seal for the reasons discussed at the July 18, 2023 conference.

While a presumption of public access applies to judicial documents, *e.g.*, documents relevant to the performance of the judicial function and useful in the judicial process, the weight of the presumption is "governed by the role of the material at issue" and the resulting value of such information to the public. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Courts must also balance against the weight of the presumption any countervailing factors such as "the privacy interests of those resisting disclosure" including "the degree to which the subject matter is traditionally considered private rather than public," *id*. at 120, and the "nature and degree of injury" resulting from disclosure, *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

With respect to the Privilege Letters, the Court has already granted the parties' request to file the letters under seal. (July 18, 2023 Tr. at 43.) With respect to the Rule 30(b)(6) Letters, they contain references to material SS&C has designated confidential under the Protective Order. In particular, the letters include information that SS&C alleges to be trade secret and would prejudice SS&C if publicly disclosed; the letters will include copies of SS&C's trade secret supplements which it has designated with the highest level of confidentiality allowed by the Protective Order. Although Arcesium does not concede that the referenced information in fact reflects trade secrets, Arcesium agrees that such information is generally regarded as the "type of information [that] overcomes the presumption of public disclosure." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F.

www.debevoise.com

Supp. 3d 152, 156 (S.D.N.Y. 2015).  Indeed, the Court has previously granted the parties' request to seal similar information.  *See* ECF No. 120.

Accordingly, the parties respectfully submit this request to file the letter briefs and related attachments under seal.

Respectfully submitted,

*/s/ James J. Pastore*

James J. Pastore

cc: All Counsel of Record (via ECF)

Application **GRANTED without prejudice to partially or wholly unsealing these documents after a dispositive decision, whether final or interim**.

**SO ORDERED**.

_____
Ona T. Wang            8/2/23
U.S.M.J.