**MEMO ENDORSED**

**SHEARMAN & STERLING LLP**

599 Lexington Avenue
New York, NY 10022-6069
+1.212.848.4000

> DENIED.
> Parties have enough actual discovery to complete. Focus on that. /otw
>
> Aug-18, 2023

VIA ECF

August 11, 2023

Hon. Ona T. Wang, U.S. District Court, S.D.N.Y.
500 Pearl Street, New York, NY 10007

Re:   *SS&C Technologies Holdings, Inc. and Advent Software Inc. v. Arcesium, LLC,*
      No. 1:22-cv-02009-TMR-OTW

Dear Judge Wang:

Plaintiffs SS&C and Advent (collectively, "SS&C") respectfully seek leave to move this Court for the imposition of sanctions against defendant Arcesium pursuant to Fed. R. Civ. P. 37(a) and (b) and Local Rule 37.2 for its failure to comply with discovery obligations and a Court order in connection with SS&C's access to a working and complete version of Arcesium's software.

Your Honor has twice noted *sua sponte* that you would consider sanctions for Arcesium's evasive and dilatory conduct regarding the "sandbox," including expressing your "dismay" that Arcesium enabled key functionality for the first time only days before the July 18 hearing.[1] Your Honor's concerns were, and remain, valid: SS&C requested access to Arcesium's software over a year ago, in June 2022, yet when Arcesium eventually produced a version of the sandbox on December 9, 2022, it was entirely unworkable. Even after the Court clearly ordered Arcesium to provide a fully working sandbox, Arcesium failed to do so, claiming on June 7, 2023 that certain functionality did ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But that was not true. Sanctions are warranted because Arcesium has repeatedly failed to comply with its discovery obligations and SS&C has been severely prejudiced by Arcesium's misconduct.[2]

## ARCESIUM'S CONDUCT MERITS SANCTIONS

Imposing sanctions on Arcesium is proper because the well-settled factors relevant to imposing them are easily satisfied here. *S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144, 148–49 (2d Cir. 2010) (considering willfulness; duration of misconduct; prior warnings; prejudice to aggrieved party and other factors). Indeed, Arcesium's repeated misrepresentations and flouting of the Court's directions make the case for sanctions unusually compelling.

---

[1] Soriano Decl. Ex. 1 at 18:1-2 ("I'm really questioning whether I should be considering any orders under Rule 37(a)(5)."); *id.* at 18:16-18 ("And if it gets to a motion, I will consider Rule 37(a)(5) if it gets to that."); *id.* at 17:5-7 ("I've been hearing over multiple conferences that there are functionalities that haven't worked"); *Id.* Ex. 2 at 5:21-25 ("I mean, I'm a little dismayed . . . but for example, was ▮▮▮▮▮ in the prior versions of the sandbox and they just couldn't access it or was it just not in a prior version of the sandbox, which is more concerning to me?"); *id.* at 11:11-17 ("I am a little bit concerned about what I just heard about ▮▮▮▮▮ and how it wasn't in the prior version of the sandbox, but I'm going to table that, but I'm not forgetting it. If it later comes to be that prior versions of the sandbox were intentionally not functional, I will address that, and I will take it very, very seriously.").

[2] Even now, SS&C is uncertain whether the sandbox contains all relevant functionality. SS&C was only able to start using the sandbox in a meaningful way after the court-ordered "tutorial" on July 27, 2023. SS&C's experts are continuing their review and we will keep the Court apprised of any issues that continue to be encountered.

SHEARMAN.COM

Shearman & Sterling LLP is a limited liability partnership organized in the United States under the laws of the state of Delaware, which laws limit the personal liability of partners.

August 11, 2023

***Arcesium willfully failed to comply with its discovery obligations.*** Arcesium's long delay in providing a functioning version of its software was not a mere oversight. Rather, Arcesium's *modus operandi* has been to omit key functionality from the sandbox and force SS&C to document the gaps in minute detail. Only after SS&C has gone through the onerous task of "proving" gaps in the sandbox has Arcesium haltingly provided functionality that should have been there from the beginning. Arcesium has willfully repeated this cycle several times.

Arcesium initially estimated in mid-July 2022 that it would take "at least six weeks" to construct the sandbox. Soriano Decl. Ex. 3 at 3. Instead, the initial (unworkable) sandbox was not delivered for *five months*. Arcesium insisted to SS&C and the Court that the delay was because this was a uniquely challenging and time-consuming project. *Id.* Ex. 4 at 18:22-19:5 (Arcesium arguing burden of creating sandbox environment "from scratch"); *id.* Ex. 5 at 3 ("Arcesium has not previously developed this type of environment"). Contrary to those representations, Arcesium's COO of Technology recently testified at deposition that Arcesium *routinely* creates such environments for prospective customers and others. *Id.* Ex. 20 at 237:18-238:2 ████████; *id.* at 240:9-12 ████████.

Arcesium's COO of Technology further stated that the creation of such environments ████████ *Id.* at 240:20-241:4 (emphasis added). Clearly, the five-month delay occurred *not*, as Arcesium asserted to SS&C and the Court, because the project was uniquely difficult or unfamiliar, but because Arcesium simply chose not to prioritize it.

Arcesium's obfuscation continued when the sandbox was delivered. Arcesium repeatedly represented to SS&C and the Court that the sandbox would contain ████████" including "████████" *Id.* Ex. 7 at 4; *id.* Ex. 8 at 6. These repeated representations were false. The sandbox provided in December 2022 was unworkable as it omitted the most basic functionality to input and analyze trades and to run accounting reports. *Id.* Ex. 9 at 1–5; *id.* Ex. 10 at 4–6; *Id.* Ex. 11 at 2–8; *id.* Ex. 12 at 1–2, 7–12. When pressed, Arcesium acknowledged that "████████" *Id.* Ex. 13 at 1–2. The Court soundly rejected Arcesium's position, admonishing counsel that "[i]t's not your role to determine what is relevant and not relevant." *Id.* Ex. 1 at 17:13-14. The Court in no uncertain terms ordered Arcesium to provide the missing functionality. *Id.* at 17:25.

Even after the Court directly and unequivocally ordered Arcesium to make its accounting functionality available, Arcesium failed to do so. In May 2023, SS&C was forced yet again to provide Arcesium with a lengthy description (including citations to Arcesium's own development documentation) of missing functionality, including ████████, and the ability to set up and perform accounting runs on sample investments. *Id.* Ex. 14. In response, Arcesium insisted that such functionality was simply not available:

████████████████████████████████████████



August 11, 2023

*Id.* Ex. 15 at 1. Again, Arcesium's claims were false. After SS&C continued to press the issue for several more weeks—including by sending yet another letter with screenshots and citations to Arcesium development documents, *id.* Ex. 16—Arcesium finally admitted that ▮ functionality was "▮" and that the ▮ had similarly not been enabled. *Id.* Ex. 17. This was not a mistake. For example, Arcesium's Head of Client and Partner Development candidly admitted at a recent deposition that ▮ ▮. *Id.* Ex. 6 at 47:2-11. Similarly, notwithstanding that SS&C flagged that it was unable to perform accounting runs of sample trades since at least May 10, 2023, *id.* Ex. 18 at 15, it was not until July 14, 2023 that Arcesium finally provided the correct instructions to allow SS&C to do its work. In other words, SS&C requested Arcesium's software in June 2022, but due to Arcesium's obfuscation and delay, SS&C has only been able to use the software to run trades for the last few weeks.

Finally, Arcesium's misconduct relating to the sandbox is consistent with its improper efforts to obstruct inquiry into the technical aspects of its platform more generally. For example, the first Arcesium software developer SS&C deposed was Ajinkya Patil. Mr. Patil took absurdly long pauses before answering even the most straightforward questions with the result that about 37% of his deposition (2 hours and 35 minutes out of a 7-hour deposition) was spent in silence with a question pending. Naumann Decl. ¶ 6. (We submit with this letter a compilation of some of Mr. Patil's responses from which the Court can draw its own conclusions. *See id.* Ex. 1.)

***Arcesium's noncompliance has persisted.*** Arcesium's delays and misdirection regarding its software have persisted for more than a year since SS&C first requested access to it. This has resulted in extensive (unnecessary) litigation and many court conferences and orders.

***Arcesium has been warned of the consequences of noncompliance.*** Arcesium has continued to obstruct inquiry into the sandbox and other technical areas notwithstanding Your Honor's warnings and clear directives as described above, in addition to warnings from SS&C counsel.[3]

***Arcesium's misconduct has severely prejudiced SS&C.*** Only now—over a year after SS&C requested access to Arcesium's software—have SS&C's experts been able to begin assessing Arcesium's software in any meaningful way. Meanwhile, Arcesium has had access to SS&C's software at least since it was provided in discovery in November 2022. Arcesium has therefore had a huge head start in the complex expert technical analysis at the center of this case and in developing topics and themes for depositions. SS&C will never get that time back and will be forced to play catch up throughout the remainder of this case.

Accordingly, SS&C seeks leave to file a motion for sanctions including, but not limited to: (i) reimbursement of attorneys' fees and expenses; (ii) a permissive adverse inference that Arcesium obstructed discovery in order to hide its misappropriation of SS&C's intellectual property, and (iii) such other relief as SS&C may request in its motion when filed.

---

[3] For example, after the first half of Mr. Patil's deposition, SS&C counsel sent a note to Arcesium warning that the "level of evasiveness and delay tactics" was "completely unacceptable and inappropriate." Soriano Decl. Ex. 19 at 1. Arcesium denied that the witness had done anything improper, *id.*, and he continued pausing extensively throughout the second half of his deposition. *See* Naumann Decl. ¶ 5.

August 11, 2023

Respectfully submitted,

/s/ *Stephen Fishbein*

Stephen Fishbein