UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

---

SS&C TECHNOLOGIES HOLDINGS, INC.
and ADVENT SOFTWARE, INC.,

Plaintiffs,

-against-

ARCESIUM LLC,

Defendant.

---

ARCESIUM LLC,

      Counterclaim-Plaintiff,

-against-

SS&C TECHNOLOGIES HOLDINGS, INC.
and ADVENT SOFTWARE, INC.,

      Counterclaim-Defendants.

22-CV-02009 (TMR-OTW)

**OPINION & ORDER**

Dated: August 20, 2025

Stephen R. Fishbein, John A. Nathanson, Christopher L. LaVigne, Eric S. Lucas, Benjamin Klebanoff, Allen Overy Shearman Sterling US LLP, of New York, N.Y., for plaintiffs and counterclaim defendants SS&C Technologies Holdings, Inc., and Advent Software, Inc.

James J. Pastore, Jr., Megan K. Bannigan, Wendy B. Reilly, Brandon Fetzer, Mark P. Goodman, Debevoise & Plimpton LLP, of New York, N.Y., for defendant and counterclaim plaintiff Arcesium LLC.

<u>TIMOTHY M. REIF, Judge, United States Court of International Trade, Sitting by</u>
<u>Designation:</u>

Before the court is the motion by plaintiffs SS&C Technologies Holdings, Inc.

and Advent Software Inc. (collectively, "SS&C" or "plaintiff") to vacate the judgment

entered on December 20, 2024, ECF No. 282, and leave to file the proposed Second

Amended Complaint ("SAC"), ECF No. 286, Ex. 1.  Plaintiff moves pursuant to

Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure ("FRCP").  Plaintiff

argues that "[a]mendment is appropriate now that the Court has provided guidance

as to the sufficiency of [plaintiff's] claims, and is consistent with the strong policy in

this Circuit that leave to amend should be 'freely' given."  Pl. Mem. Supporting Mot.

to Vacate ("Pl. Br."), ECF No. 286.  For the reasons discussed below, the court

denies plaintiff's motion to vacate the judgment.

## BACKGROUND

The court presumes familiarity with the factual and procedural background

of this case up to the court's judgment of December 20, 2024.  *See generally SS&C*

*Techs. Holdings, Inc. et al. v. Arcesium LLC* ("*SS&C I*" or "the dismissal"), 2024 WL

5186530, at *1-2 (S.D.N.Y. Dec. 20, 2024).

On December 20, 2024, the court dismissed for failure to state a claim

plaintiff's trade secret misappropriation claims under the Defend Trade Secrets Act

("DTSA") and New York common law.  *Id.* at *15.  Additionally, the court declined to

exercise supplemental jurisdiction over plaintiff's remaining state law claims and

defendant's counterclaims.  *Id.*  In accordance with the court's opinion and order,

judgment was entered and the case was closed.  Clerk's Judgment, ECF No. 282.

On January 15, 2025, plaintiff filed a motion to vacate the judgment and to allow plaintiff's proposed SAC.  Motion to Vacate, ECF No. 284.

On February 12, 2025, defendant filed its opposition to plaintiff's motion. Def. Mem. Opp. Mot. to Vacate ("Def. Br."), ECF No. 293.

On March 5, 2025, plaintiff filed its reply to defendant's opposition.  Pl. Rep. Mem. Supporting Mot. to Vacate ("Pl. Rep. Br."), ECF No. 300.

On June 12, 2025, the court requested supplemental briefing following the Supreme Court's decision in *BLOM Bank SAL v. Honickman*, 605 U.S. ___, 145 S. Ct. 1612 (2025).  Supp. Br. Order, ECF No. 306.

On June 26, 2025, plaintiff and defendant filed their respective supplemental memorandums of law.  Pl. Supp. Mem. Supporting Mot. to Vacate ("Pl. Supp. Br."), ECF No. 308; Def. Supp. Mem. Opp. Mot. to Vacate ("Def. Supp. Br."), ECF No. 307.

## LEGAL FRAMEWORK

## I.    Obtaining Relief from a Judgment Under FRCP Rule 60(b)

Rule 60(b) governs motions to obtain relief from a judgment or order.  Rule 60(b) provides that a court "may relieve a party . . . from a final judgment, order, or proceeding" for several enumerated reasons.  Fed. R. Civ. P. 60(b)(1)-(5).[1]  In

---

[1] These enumerated reasons are: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; [and] (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  Fed. R. Civ. P. 60(b)(1)-(5).

addition to those enumerated reasons, Rule 60(b)(6) provides that relief from a judgment may be granted for "any other reason that justifies relief."[2]  "Relief under Rule 60(b)(6) is available 'only when Rules 60(b)(1) through (b)(5) are inapplicable.'" *BLOM Bank SAL*, 145 S. Ct. at 1619 (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)).

"Relief under Rule 60(b)(6) requires *extraordinary circumstances*" justifying the reopening of a final judgment.  *Id.* (emphasis supplied); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (collecting cases).  The Supreme Court has clarified recently that the "extraordinary circumstances" standard "does not become less demanding when a Rule 60(b)(6) movant also hopes to amend his complaint." *BLOM Bank SAL*, 145 S. Ct. at 1619.  "Rather, a party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before" the court may consider whether to grant leave to amend.[3]  *Id.*

## II.    Altering or Amending a Judgment Under FRCP Rule 59(e)

Rule 59(e) governs motions to alter or amend a judgment.  Rule 59(e) states that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

---

[2] Plaintiff, in its initial and reply briefs, does not specify on which subsection of Rule 60(b) it relies.  *See* Pl. Br., Pl. Rep. Br.  However, in its supplemental brief, plaintiff specifies that it relies on Rule 60(b)(6).  Pl. Supp. Br. at 14-15.  Therefore, the court will analyze plaintiff's Rule 60(b) motion pursuant to Rule 60(b)(6).

[3] The *BLOM Bank* Court rejected the Second Circuit's "balancing approach," which had required district courts to consider Rule 60(b) finality and Rule 15(a) liberality in tandem.  *BLOM Bank SAL*, 145 S. Ct. at 1618-19.

A Rule 59(e) motion "does not threaten the finality of judgments to the same degree that Rule 60(b)(6) does." *BLOM Bank SAL*, 145 S. Ct. at 1622. Accordingly, the Court concluded, "we do not require a movant to show the same 'extraordinary circumstances' to receive relief." *Id.* However, Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed. 1995)).

Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (internal quotations omitted); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142 (2d Cir. 2020); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

## III.    Amending Pleadings under FRCP Rule 15(a)

Rule 15(a) governs amendments to pleadings prior to trial. Rule 15(a)(1) allows a party to amend its pleading once as a matter of course, no later than 21 days after serving its initial pleading. Rule 15(a)(2) provides for amendments to pleadings other than as prescribed in Rule 15(a)(1). Such amendments are allowed

"only with the opposing party's written consent or the court's leave," although the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Although Rule 15(a) sets a "liberal amendment standard," *BLOM Bank SAL*, 145 S. Ct. at 1619, leave to amend may be denied for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## DISCUSSION

Following the Supreme Court's guidance in *BLOM Bank*, the court will analyze first plaintiff's motion for vacatur under both Rule 60(b)(6) and Rule 59(e). The court will then analyze separately plaintiff's motion to replead under Rule 15(a).

## I.     Whether Plaintiff is Entitled to Relief Under Rule 60(b)(6)

The court addresses first whether plaintiff is entitled to relief from this court's judgment under Rule 60(b)(6). For the reasons discussed below, the court concludes that plaintiff is not entitled to such relief.

Plaintiff does not identify what "extraordinary circumstances" it thinks justify relief under Rule 60(b)(6). *See* Pl. Br.; Pl. Rep. Br.; Pl. Supp. Br. Rather, plaintiff, in its only argument specific to Rule 60(b)(6),[4] asserts that *BLOM Bank* is

---

[4] As noted above, plaintiff did not make an argument specific to Rule 60(b)(6) in its initial or reply briefs. *See supra* note 2. Further, neither brief contains any discussion of "extraordinary circumstances." *See* Pl. Br.; Pl. Rep. Br.

distinguishable from this case because: (1) plaintiff's motion "was made within days of the judgment being entered"; (2) plaintiff "proposed amendment immediately following guidance from the Court"; and (3) plaintiff's proposed SAC "is not futile." Pl. Supp. Br. at 15.

Defendant argues that plaintiff fails to establish that extraordinary circumstances exist justifying vacatur. Defendant asserts that plaintiff's "strategic decisions in this litigation do not constitute 'extraordinary circumstances'" where plaintiff "has had ample opportunity to – and in fact did – amend its complaint." Def. Br. at 15-16; *see also* Def. Supp. Br. at 8.

The court concludes that plaintiff fails to establish the "extraordinary circumstances" required for Rule 60(b)(6) relief. As noted above, the court cannot identify from any of plaintiff's filings what plaintiff thinks constitute extraordinary circumstances in this case. Plaintiff's effort to distinguish the facts of *BLOM Bank*, where the Supreme Court did not find extraordinary circumstances,[5] does not, in itself, constitute a showing that extraordinary circumstances exist here.

Further, even if plaintiff had attempted to establish extraordinary circumstances here, nothing in the actual circumstances of this case could be said to rise to that level. "Extraordinary circumstances" were first identified in *Klapprott*

---

[5] The *BLOM Bank* Court found "persuasive" the district court's finding that "the Second Circuit's clarification of the test for aiding-and-abetting liability did not 'constitute extraordinary circumstances.'" *BLOM Bank SAL*, 145 S. Ct. at 1622. In particular, the Court noted that "plaintiffs were unlikely to succeed under [the clarified test], and that plaintiffs' 'series of deliberate choices not to cure the deficiencies identified in their pleading' also cut against them." *Id.*

*v. United States*, 335 U.S. 601 (1949).[6] There, the petitioner sought to set aside a default judgment against him in denaturalization proceedings. *Id.* at 603. The *Klapprott* Court found that "an extraordinary situation" existed justifying relief from the default judgment because the petitioner was "in jail . . . , weakened from illness, without a lawyer . . . or funds to hire one, disturbed and fully occupied in efforts to protect himself against the gravest criminal charges." *Id.* at 613–14.

Other circumstances that have risen to the level of "extraordinary" include cases where: (1) death penalty verdicts were possibly tainted by racial prejudice, *see*, *e.g.*, *Buck v. Davis*, 580 U.S. 100 (2017) (reversing the lower court's denial of a Rule 60(b)(6) motion where moving party demonstrated prejudice in his death penalty verdict from testimony that stated that his race increased his future dangerousness); *Tharpe v. Sellers*, 583 U.S. 33 (2018) (reversing the lower court's denial of a Rule 60(b)(6) motion where moving party demonstrated his race may have affected a juror's vote for a death penalty verdict); or (2) the judge's impartiality was reasonably questioned. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988) (vacating the district court's judgment where the judge failed to recuse himself despite serving on the Board of Trustees of an interested party).

---

[6] In *Klapprott*, the Court actually used the term "extraordinary situation." 335 U.S. at 613. However, in *BLOM Bank SAL*, the Court, describing the *Klapprott* holding, used the term "extraordinary circumstances": "The Court has consistently held that relief under Rule 60(b)(6) requires 'extraordinary circumstances,' as first established in *Klapprott v. United States* . . . ." 145 S. Ct. at 1615.

Further, the Supreme Court has found that extraordinary circumstances did
not exist where a petitioner declined to appeal an adverse judgment due to fear of
the financial burden and on the advice of his attorney. *Ackermann v. United States*,
340 U.S. 193, 197 (1950). The *Ackermann* Court contrasted those circumstances
with the ones in *Klapprott*, noting "the difference between no choice and choice;
imprisonment and freedom of action; no trial and trial; no counsel and counsel; no
chance for negligence and inexcusable negligence." *Id.* at 202. In denying
petitioner's Rule 60(b)(6) motion, the Court held that "[t]here must be an end to
litigation someday, and free, calculated, deliberate choices are not to be relieved
from." *Id.* at 211-12.

Here, plaintiff's decision not to seek leave to replead until after its first
amended complaint was dismissed is precisely the sort of free, calculated and
deliberate choice found in *Ackermann* to fall short of "extraordinary." To illustrate
this conclusion, it is helpful to recap the relevant procedural history in this case.

On March 10, 2022, plaintiff filed its original complaint. ECF No. 1. After
defendant moved to dismiss, ECF No. 21, plaintiff sought to amend its complaint
with the benefit of certain documents produced by defendant in a separate
litigation. *See* Initial Conf. Tr., ECF No. 30, at 2:18-5:9 (statement of C. LaVigne)
("Those documents showed that Arcesium actually stole our stuff, to be blunt.");
8:15-13:9 (statement of C. LaVigne) ("On relevance, . . . [those documents] are the
crown jewels. Out of hundreds of thousands of documents, those are 15 we cited in

our complaint.").  With the benefit of those key documents, plaintiff did amend its

complaint on May 20, 2022.[7]  ECF No. 36.

The parties then engaged in over 18 months of discovery, during which

plaintiff received more than 186,000 documents from defendant as well as copies of

defendant's Jira and Confluence databases,[8] had access to "a live sandbox

environment[9] of [defendant's] platform that contained its portfolio accounting

software" and deposed nine of defendant's witnesses, including defendant's CEO

and head of technology.  Declaration of Alessandra G. Masciandaro ("Masciandaro

Decl."), ECF No. 294.

On November 15, 2023, plaintiff moved to consolidate this case with another

trade secret misappropriation action filed by plaintiff.[10]  *See* Pls. Letter Motion for

Consolidation, ECF No. 227.  As part of its motion for consolidation, plaintiff sought

leave to amend its pleading and file a consolidated complaint.  *Id.*; *see City of New*

---

[7] Defendant moved to dismiss plaintiff's amended complaint on June 10, 2022.  ECF No. 40.  In its briefs, defendant argued that plaintiff's amended complaint was deficient for a number of reasons, including that plaintiff had not plausibly alleged misappropriation.  *See, e.g.*, ECF No. 43 at 17-23.

[8] The Jira and Confluence databases provide documentation of how defendant developed its portfolio accounting software.  *See* Joint Letter to Magistrate Judge Ona T. Wang dated Jan. 10, 2023, ECF No. 124 ("Development documentation of Arcesium's software . . . provide an unfiltered view into how Arcesium was able to bring to market competing portfolio accounting software . . . .").

[9] A "sandbox" is a "custom computing space" constructed to provide limited access to software for the purposes of reviewing and testing such software.  *See id.* at 4-6.

[10] This other action is *SS&C Techs. Holdings, Inc. v. D. E. Shaw & Co., L.P.*, No. 23-cv-09158 (S.D.N.Y. filed Oct. 18, 2023).  Arcesium was founded in 2014 as a spin-off of an internal technology group at D. E. Shaw.  *SS&C Techs. Holdings, Inc. et al. v. Arcesium LLC*, 2024 WL 64781 at *2 n. 3 (S.D.N.Y. Jan. 5, 2024).

*York v. FedEx Ground Package Sys., Inc.*, 2018 WL 4521209 at *4 (S.D.N.Y. Sept. 21, 2018) ("A consolidated amended complaint is still an amended pleading.").

On December 5, 2023, the parties appeared before Magistrate Judge Wang for a status conference. *See* Conference Tr., ECF No. 237. At that conference, plaintiff's counsel acknowledged that it was plaintiff's strategic choice to file a separate action against another defendant and then attempt to consolidate the cases, rather than file a motion to amend the complaint against Arcesium to include additional allegations. *See id.* at 23:2-14 (statement of S. Fishbein) ("[W]e are the plaintiff. We do get to choose how we want to proceed with our pleadings. We could have . . . tried to bring D. E. Shaw in this case . . . . We chose to proceed the way we did which we are permitted to do . . . . A plaintiff is allowed to bring a separate lawsuit . . . . If Judge Reif says that they're not going to be consolidated . . . [t]hen we're going to proceed separately.").

Additionally, plaintiff's counsel reiterated that plaintiff retained the option to file a motion to amend its complaint against Arcesium should consolidation be denied. *See id.* at 24:10-16 (statement of S. Fishbein) ("On this bigger issue about amendment versus . . . consolidation, . . . we should get some guidance from Judge Reif . . . . And if Judge Reif says, [the cases are] going to be separate . . . *maybe we will make a motion to amend at that point*.") (emphasis supplied); 41:10-11 (statement of S. Fishbein) ("We're entitled to make a motion to amend."). Relatedly, plaintiff's counsel asserted that, in the course of discovery, plaintiff learned of additional facts regarding the alleged misappropriation beyond what was pleaded in

the original complaint. *See id.* at 23:25-24:3 (statement of S. Fishbein) ("When we brought the complaint, we describe things generally as the platform. *We now know a lot more.* We know some of the specific names of some of the components.") (emphasis supplied).

On January 5, 2024, the court denied plaintiff's motion for consolidation and denied leave to file the consolidated amended complaint because the prejudicial effect on defendants outweighed any benefits of judicial economy and because the temporal gap and disparate stages of the two actions did not weigh in favor of consolidation. *SS&C Techs. Holdings, Inc. et al. v. Arcesium LLC*, 2024 WL 64781 (S.D.N.Y. Jan. 5, 2024). Despite plaintiff's counsel's statements before Magistrate Judge Wang, plaintiff did not ultimately file a motion to amend its complaint following this court's denial of consolidation.

In sum, plaintiff was able to amend its original complaint once with the benefit of key documents described by plaintiff as the "crown jewels" of its case. Initial Conf. Tr. at 8:15-23. Defendant moved to dismiss the amended complaint and asserted that the complaint was deficient in a number of ways. *See supra* note 7. Near the end of extended discovery, during which plaintiff asserted it acquired further facts supporting its allegations, plaintiff attempted unsuccessfully to amend its complaint through consolidation with its action against D. E. Shaw, rather than filing a motion to amend. Between the denial of consolidation and the dismissal of its amended complaint, plaintiff had nearly a full year, during which plaintiff had

the option to file a motion to amend at any point. Instead, plaintiff made a deliberate choice to stand on its first amended complaint.

Plaintiff has failed to demonstrate "extraordinary circumstances" justifying plaintiff's failure to file a motion to amend when it had every opportunity to do so prior to dismissal. Therefore, the court concludes that vacatur is not warranted under Rule 60(b)(6). *See In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010) ("When the plaintiff had the opportunity to amend the complaint earlier but waited until after judgment, a court may 'exercise its discretion more exactingly.'").

## II.  Whether Plaintiff is Entitled to Relief Under Rule 59(e)

Having determined that plaintiff is not entitled to relief under Rule 60(b)(6), the court addresses next whether plaintiff is entitled to alter or amend this court's judgment under Rule 59(e).[11] For the reasons discussed below, the court concludes that plaintiff is not entitled to such relief.

Plaintiff does not identify which, if any, of the three recognized circumstances for relief under Rule 59(e) applies here. *See Metzler*, 970 F.3d at 142 ("A court may grant a Rule 59(e) motion *only* when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error

---

[11] The *BLOM Bank* Court did not hold explicitly that Rule 59(e) must first be satisfied on its own terms before a court may consider a Rule 15(a) motion to amend, in the same way that Rule 60(b) must. However, the Second Circuit has endorsed the "well-established rule that a plaintiff seeking to amend a complaint post-judgment *must first* have the judgment vacated pursuant to Rules 59(e) or 60(b)." *Metzler*, 970 F.3d at 143 (emphasis supplied). Therefore, the court will address plaintiff's Rule 59(e) motion before addressing the motion to replead.

or prevent manifest injustice.") (citation modified) (emphasis supplied). Rather, plaintiff argues that "the applicable Rule 59(e) legal standard requires vacatur for the purposes of amendment to be 'freely given' consistent with Rule 15(a)." Pl. Supp. Br. at 10. Plaintiff argues further that "[o]nly where circumstances traditionally counseling against amendment . . . are present–for example dilatory tactics by plaintiff, prejudice to the defendant, or futility of amendment–should amendment be denied." *Id.*

Defendant argues that plaintiff's "attempt to bypass the vacatur inquiry is impermissible" because "those seeking to vacate a judgment and amend a complaint must first meet the stringent standard for vacating a judgment." Def. Supp. Br. at 10. Defendant argues further that plaintiff has failed to demonstrate that vacatur is appropriate and therefore, plaintiff's motion "fails even before reaching the 'distinct' analysis with respect to its request to amend." *Id.* at 12.

The court concludes that: (1) the Rule 59(e) standard for vacatur, not the Rule 15(a) standard for repleading, governs plaintiff's motion for vacatur; and (2) plaintiff has not demonstrated that vacatur is warranted under Rule 59(e).

In *Metzler*, plaintiffs argued, as SS&C does here, that the correct standard on a post-judgment motion for relief from the judgment and for leave to file an amended complaint is that of Rule 15(a)(2), which requires that leave be freely given absent certain reasons counseling against amendment, i.e. bad faith, undue delay, futility of amendment. 970 F.3d at 142. The Second Circuit disagreed, holding that it is "well established that a party seeking to file an amended

complaint post-judgment must first have the judgment vacated or set aside

pursuant to [Rules] 59(e) or 60(b)." *Id.* (citing *Ruotolo v. City of New York*, 514 F.3d

184, 191 (2d Cir. 2008)) (citation modified).

      The Second Circuit held further that it "would be contradictory to entertain a

motion to amend the complaint without a valid basis to vacate the previously

entered judgment." *Id.* (citing *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*,

930 F.2d 240, 245 (2d Cir. 1991)) (citation modified).  The Second Circuit concluded

that "no authority" existed to support plaintiffs' assertion that the standards for

deciding a post-judgment motion under Rules 59(e) and 60(b) should be replaced

with those under Rule 15(a)(2).  *Id.* at 145.

      Following the Second Circuit's guidance in *Metzler*, the court will not

substitute the Rule 59(e) standard for vacatur with the Rule 15(a) standard for

repleading.  As noted above, plaintiff has not even attempted to meet the Rule 59(e)

threshold showing of either: (1) an intervening change in controlling law; (2) the

availability of new evidence; or (3) the need to correct a clear error or prevent

manifest injustice.  *Id.* at 142.  Therefore, the court concludes that vacatur is not

warranted under Rule 59(e).

## III.  Whether Plaintiff Should be Granted Leave to Replead Under Rule 15(a)

      As noted above, plaintiff sought leave to replead only after judgment had

been entered.  Therefore, plaintiff must demonstrate first that vacatur is warranted

before it can be granted leave to replead.  *See id.* ("To hold otherwise would enable

the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary

to the philosophy favoring finality of judgments and the expeditious termination of

litigation.") (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011)).

As stated previously, the court concludes that vacatur is not warranted under

either Rule 60(b)(6) or Rule 59(e).  Absent vacatur, the court is unable to grant

plaintiff leave to replead.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to vacate the judgment and

amend its complaint is DENIED.

SO ORDERED.

/s/ Timothy M. Reif

_____

Dated: August 20, 2025                 Timothy M. Reif, Judge
New York, New York                    United States Court of International Trade
                                      *Sitting by Designation*
                                      United States District Court for the
                                      Southern District of New York